UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKE RATCHES,<br>    *Plaintiff*,<br><br>v.<br><br>TONY GUERRERA and NED LAMONT,<br>in their official capacities,<br><br>    *Defendants*. | Civil No. 3:24-cv-1319 (SVN)<br><br><br><br><br><br>February 7, 2025 |

**INITIAL REVIEW ORDER**

Plaintiff Jake Ratches filed this action while housed as an unsentenced inmate in the custody of the Connecticut Department of Correction ("DOC") at Hartford Correctional Center ("HCC").[1] He brings claims of constitutional violation under 42 U.S.C. § 1983 against Connecticut Department of Motor Vehicle Commissioner Tony Guerrera and Governor Ned Lamont. Compl., ECF No. 1. Plaintiff sues Defendants in their official capacities. He seeks both damages and injunctive relief.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C.

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The DOC website shows that Plaintiff is unsentenced and was admitted to DOC custody on October 10, 2023. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=423413 (last visited Feb. 7, 2025).

§ 1915A.[2]

## I. FACTUAL BACKGROUND

The Court does not include herein all of the allegations from the complaint but summarizes the facts to provide context to this initial review.

Plaintiff's driver's license was suspended after his arrest for driving under the influence on November 25, 2018.  Compl. at 3.  Plaintiff's prosecution for driving under the influence was dismissed on March 2, 2022.  *Id.*

The Department of Motor Vehicles has acknowledged that the prosecution of Plaintiff for driving under the influence was dismissed, but has still "forced" him to install a breathalyzer, which Plaintiff also refers to as an interlock device, in his vehicle.  *Id.*  Although not entirely clear, Plaintiff's allegations appear to indicate he is still subject to a driver's license suspension despite being found, according to the complaint, "not guilty" of driving under the influence.  *Id.*

## II. DISCUSSION

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."  42 U.S.C. § 1983.

---

[2] It is well-established that "*[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).  Notwithstanding this liberal interpretation, however, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard.  *See Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387 (2d Cir. 2015).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  A complaint that includes only "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement," does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Plaintiff asserts violation of his rights under the Fourteenth Amendment Due Process Clause, Fifth Amendment Double Jeopardy Clause, and Eighth Amendment Cruel and Unusual Punishment Clause. Compl. at 3. Plaintiff seeks both official capacity injunctive relief and damages. *Id.* at 1, 5.

A. Request for Damages

Plaintiff requests monetary damages to compensate him for the six years during which he claims his driver's license has been unlawfully suspended. *Id.* at 5. Plaintiff's request for money damages against Defendants, who are state employees, in their official capacities, is barred by the Eleventh Amendment. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

A plaintiff may seek monetary damages from a defendant in his or her individual capacity, but must allege facts to establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). This is true with respect to supervisory officials, as well. *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020) (a plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability").

Here, Plaintiff has not alleged any facts in the body of his complaint about the direct personal involvement of either Governor Lamont or Commissioner Guerrera in the suspension of his driver's license or enforcement of the interlock device requirement after dismissal of his driving under the influence prosecution. Thus, Plaintiff may not proceed on any claim for damages against these Defendants in their individual capacities.

B.  Request for Injunctive Relief

Plaintiff requests that the Court revoke the Connecticut Department of Motor Vehicles' authority to suspend a driver's license and to require use of an interlock device when a person's prosecution for driving under the influence is vacated.  Compl. at 5.  He further seeks restoration of his driver's license.  *Id.*

Under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may seek prospective injunctive relief to address an ongoing or continuing violation of federal law.  *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007).  In determining whether *Ex parte Young* applies, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (first quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring in part and concurring in judgment); and then citing *id.* at 298–99 (Souter, J., dissenting)).[3]  Thus, the Court must consider whether Plaintiff's complaint suggests he is subject to any ongoing constitutional violation.

As an initial matter, the Eighth Amendment's Cruel and Unusual Punishment Clause "prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  As Plaintiff is an unsentenced prisoner, he cannot procced with a Section 1983 claim alleging an Eighth Amendment violation.

---

[3] Personal involvement in the alleged constitutional violation is not a prerequisite to official capacity claims for injunctive relief.  *See Hamilton v. Deputy Warden*, No. 15-cv-4031 (KBF), 2016 WL 6068196, at *13 (S.D.N.Y. Oct. 13, 2016).  However, a claim for injunctive relief against a defendant in his or her official capacity may proceed only to the extent that the defendant has the authority to remedy the alleged ongoing constitutional violation.  *See Scozzari v. Santiago*, No. 3:19-cv-229 (JAM), 2019 WL 1921858, at *6 (D. Conn. Apr. 29, 2019).

Credited as true, Plaintiff's allegations suggest he is subject to certain sanctions despite dismissal of his prosecution for driving under the influence. Construed most favorably to Plaintiff, the complaint raises concerns about possible Fourteenth Amendment due process, Fifth Amendment double jeopardy, and, potentially, Eighth Amendment excessive fines violations. As the Court believes that resolution of whether Plaintiff is subject to an ongoing violation of his constitutional rights would benefit from further development through the operation of the adversarial process, the Court will permit Plaintiff's complaint to proceed to service on Defendants in their official capacities.

## III.    CONCLUSION AND ORDERS

For the foregoing reasons, the Clerk is instructed to prepare a summons form and send an official capacity service packet to the U.S. Marshals Service by **February 21, 2025**. The U.S. Marshals Service is directed to effect service of the Complaint and this Order on Department of Motor Vehicles Commissioner Tony Guerrera and Governor Ned Lamont in their official capacities at the Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106.

The Clerk shall send a courtesy copy of the Complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

**SO ORDERED** at Hartford, Connecticut, this 7th day of February, 2025.

                                                       */s/ Sarala V. Nagala*
                                                       SARALA V. NAGALA
                                                       UNITED STATES DISTRICT JUDGE